UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BERNARD S. GARNER,

        Plaintiff,                                    Case No. 1:08-cv-137

v.                                                        Honorable Janet T. Neff

STATE OF MICHIGAN et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff, a state prisoner, purports to bring this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because Defendants are immune and Plaintiff fails to state a claim against them.

**Factual Allegations**

Plaintiff is incarcerated in the Gus Harrison Correctional Facility. He sues the State of Michigan and the Michigan Parole Board concerning the denial of his parole on November 2, 2007. Plaintiff contends that the parole board cited the same reasons for denying his parole as in previous parole reviews. He further claims that the parole board relied upon false information in denying his parole. Specifically, Plaintiff denies the parole board's statement that he committed a crime while under supervision. Plaintiff asserts violations of his Fourteenth Amendment due process and equal protection rights. For relief, Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages in excess of $10,000.

**Discussion**

The Declaratory Judgment Act, 28 U.S.C. § 2201, cited by Plaintiff as the basis of this action, is not "an independent basis for federal subject matter jurisdiction." *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a

prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

Plaintiff maintains, however, that the Court should not construe his action as a petition for writ of habeas corpus. In *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Plaintiff does not directly seek release from prison; rather, he requests an injunction preventing Defendants from violating his federal rights in future parole proceedings. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. *See Wilkinson*, 544 U.S. at 82. Assuming that Plaintiff's action is cognizable under § 1983, it must be dismissed because Defendants are immune and Plaintiff fails to state a claim.

Plaintiff may not maintain a § 1983 action against the State of Michigan or the Michigan Parole Board. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress

has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). The Michigan Parole Board is part of the Michigan Department of Corrections. MICH. COMP. LAWS § 791.231a(1). Therefore, the Michigan Parole Board, as part of the Michigan Department of Corrections, also is entitled to Eleventh Amendment immunity. *See Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Mich. Parole Bd.*, No. 88-1277, 1988 WL 79688, at *1 (6th Cir. July 27, 1988) (same). Therefore, Plaintiff's action against the State of Michigan and the Michigan Parole Board must be dismissed.

    Even if Plaintiff's action were not subject to dismissal on immunity grounds, he fails to state a claim upon which relief may be granted, because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

As Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. The only basis upon which this Court could compel the Parole

Board to follow any particular procedure in reviewing Plaintiff's future applications for parole would be on the basis of a liberty or property interest entitled to due process protection. A plaintiff "cannot assert a deprivation of procedural due process in the absence of a constitutionally protected liberty interest in parole." *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480 (6th Cir. Dec. 11, 1995). In the absence of a liberty interest, no process is due.

Plaintiff also claims that Defendants violated his equal protection rights. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. He provides no factual allegations whatsoever to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because Defendants are immune and Plaintiff fails to state a claim. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:   April 10, 2008              /s/  Joseph G. Scoville
                                     United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).